UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-81177-CIV-RYSKAMP/VITUNAC

SFM HOLDINGS, LTD. and
SALOMON MELGEN, M.D.,

    Plaintiffs,

v.

JEROME FISHER and
BANC OF AMERICA SECURITIES, LLC,

    Defendants.
_____/

**ORDER GRANTING FISHER'S MOTION TO REJECT PLAINTIFFS' VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND ORDER GRANTING FISHER'S MOTION TO ENJOIN STATE COURT ACTION**

THIS CAUSE comes before the Court pursuant to Defendant Jerome Fisher's ("Fisher") Motion to Reject Plaintiffs' Voluntary Dismissal, filed May 26, 2009 **[DE 78]**. Plaintiffs SFM Holdings, Ltd. and Salomon Melgen, M.D. ("SFM" and "Melgen," collectively "Plaintiffs") responded on June 11, 2009 **[DE 80]**. Fisher replied on June 30, 2009 **[DE 91]**. This cause is also before the Court pursuant to Fisher's Motion to Enjoin State Court Action, filed June 30, 2009 **[DE 92]**. Plaintiffs responded on July 23, 2009 **[DE 98]**. Fisher replied on July 31, 2009 **[DE 99]**. These motions are ripe for adjudication.

### I.  BACKGROUND

SFM is one of 178 investors defrauded in one of the largest securities fraud cases in Florida history, <u>SEC v. KL Group, et al.</u>, Case No. 05-80186-CIVRYSKAMP/VITUNAC, in which KL Group, LLC's ("KL Group") principals traded away and stole more than $165 million of investors' money. Melgen is the president and general partner of SFM. Melgen and SFM have

2

filed a total of four actions, one in state court and three in federal court, all based on facts relating to the fraud.

On February 28, 2005, SFM and Melgen filed <u>SFM Holdings, Ltd. and Salomon Melgen v. John Kim, Shoreland Trading, LLC, Won Lee, KL Group, LLC and Banc of America</u>, Case No. 50-2005CA 001891 AD, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("SFM I").  The initial Verified Complaint alleges that Melgen and SFM had invested $12.3 million in an account at BAS.  Kim and Lee also promised in writing that the funds in Shoreland Trading would be held in a segregated account under Melgen's name and that no one but Melgen would be able to make withdrawals from the account.  The account eventually was to be transferred to Wedbush Morgan Securities ("Wedbush") to be held in a segregated account under Melgen's name.  On February 25, 2005, Melgen learned that the funds he invested in Shoreland Trading, along with other funds invested in KL Trading, LLC, an amount totaling approximately $20 million, had been stolen.  Melgen and SFM filed suit five days later.

On November 11, 2005, Melgen and SFM filed an unsworn Amended Complaint in the state court action.  This pleading alleges that Melgen, as general partner of SFM, owned an investment account at BAS over which Kim had managerial authority.  Kim persuaded SFM to transfer the assets to the Wedbush account.  Melgen authorized the transfer orally and in writing.  Kim did not open the Wedbush account, however.  Rather, Lee gave BAS a letter dated November 2, 2004 directing it to transfer the assets to the Shoreland Trading account.  Melgen maintained for the first time in the Amended Complaint that the letter is a forgery.  Lee then transferred the assets to Wedbush, where they were held in the name of Shoreland Trading.

Melgen learned on February 25, 2005 that the funds had been stolen.  The Amended Complaint alleges only two counts: Count I sought damages for breach of the guaranty, and Count II sought imposition of a constructive trust on assets now part of the Receivership Estate.

SFM I was dismissed pursuant to this Court's Receivership Case Management Order, which enjoined SFM from pursuing claims against Shoreland, et al. during the pendency of the receivership action.

SFM filed its first lawsuit in this Court in June 2006: <u>SFM Holdings, Ltd. v. Banc of America Securities, LLC</u>, Case No. 06-CV-80652-RYSKAMP/VITUNAC ("SFM II").  This action stems from the same set of facts, yet SFM II includes securities fraud and tort claims against BAS.  This Court dismissed SFM II with prejudice because SFM failed to state a claim for securities fraud under both federal and state law and failed to state causes of action for the tort claims.

On August 21, 2006, SFM filed a second federal lawsuit, <u>SFM Holdings, Ltd. v. John Kim, Shoreland Trading, LLC, Won Lee, Yung Kim and Guy Lewis, Esq. as Receiver for Shoreland Trading, LLC</u>, Case No. 06-80801-RYSKAMP ("SFM III"), seeking to recover the investment from assets comprising the Receivership Estate.  The allegations therein mirrored those of the Amended Complaint in SFM I.  This Court dismissed this action without prejudice to SFM pursuing its claim against the Receivership Entities in the Court-authorized claims process.

The instant action, filed in state court on September 5, 2008, represents Plaintiffs' fourth attempt to recover damages for losses incurred in relation to the KL fraud.  Plaintiffs allege, *inter alia*, that BAS improperly treated SFM's account as belonging to Shoreland and, supposedly

without their knowledge, let Lee trade and manage the account, which included making short sales, engaging in bulk trading in the Shoreland account using commingled funds belonging to SFM and others, and allocating trades and losses among various accounts. Plaintiffs also allege that they opened the SFM account at Fisher's urging. This action is the first time Plaintiffs have implicated Fisher as a defendant.

BAS removed this action to this Court on October 15, 2008, claiming that Plaintiffs fraudulently joined Fisher to defeat diversity jurisdiction.[1]  Plaintiffs moved to remand on November 13, 2008. This motion was fully briefed on December 18, 2008. On November 10, 2008, BAS moved to dismiss the complaint with prejudice. This motion was fully briefed on January 15, 2009. On February 13, 2009, Fisher moved to join in BAS's Notice of Removal and Motion to Dismiss. Fisher also characterizes this motion as a Motion to Dismiss or a Motion for Summary Judgment. This motion was fully briefed by March 26, 2009, but on March 27, 2009 Plaintiffs requested leave to file a sur-reply memorandum. Accordingly, all briefing related to this motion closed on April 23, 2009.

On May 7, 2009, Plaintiffs filed a notice of voluntary dismissal without prejudice as to Fisher. On May 8, 2009, Plaintiffs filed a new action against Fisher in state court, <u>SFM Holdings and Salomom Melgen v. Jerome Fisher</u>, Case No. 502009CA016701XXXXMB. The allegations and claims against Fisher in that action are identical to the allegations and claims asserted against Fisher in this action.

On May 26, 2009, Fisher filed a motion to reject the voluntary dismissal of him without

---

[1] SFM is a Georgia limited partnership doing business in Palm Beach County, Florida.  Melgen is a Florida resident.  BAS is a citizen of Delaware and has its principal place of business in North Carolina.

prejudice, requesting that the Court only accept a dismissal with prejudice and for the Court to rule on his pending Motion to Dismiss/Motion for Summary Judgment. This motion became ripe on June 30, 2009.

On June 30, 2009, Fisher moved for an order requiring Plaintiffs to dismiss the newly-filed state action, or, alternatively, for an injunction enjoining Plaintiffs from litigating the claims in that action. On July 5, 2009, Plaintiffs filed a notice dismissing BAS without prejudice. The motion to enjoin the state court action became ripe on July 31, 2009. On July 31, 2009, Fisher requested expedited treatment of the motion because counsel for Plaintiffs gave notice that Plaintiffs would seek a default against Fisher in that action if Fisher does not respond to the complaint by August 10, 2009.

## II.   DISCUSSION

**A.   Motion to Reject Dismissal of Fisher Without Prejudice**

Plaintiffs are legally barred from dismissing their claims against Fisher without the approval of this Court. Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." See Exxon Corp. v. Maryland Casualty Co., 599 F.2d 659, 660-63 (5th Cir. 1979) (denying plaintiff permission to dismiss an action without a court order where dismissal post-dated a motion to dismiss that contained "an affidavit and documentary attachments" that the trial court considered).[2] Plaintiffs lost the unilateral right to dismiss Fisher without prejudice when Fisher moved to dismiss Plaintiffs' claims with

---

[2] Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

6

prejudice and filed his alternative Motion for Summary Judgment.

The Court hereby provides notice to the parties that it has elected to treat Fisher's motion as a Motion for Summary Judgment. The Court did not notify the parties of its decision in that regard prior to now because Fisher's motion and the related motion to file a sur-reply were not ripe until April 23, 2009. Plaintiffs filed their dismissal of Fisher shortly thereafter, on May 7, 2009. The briefing of the motion to reject the dismissal did not close until June 30, 2009. The Court has only now considered the motion to reject the dismissal of Fisher in due course. Given that Fisher stated in his motion that the Court was free to consider the motion as a Motion for Summary Judgment, Plaintiffs were incorrect in assuming that the Court's silence indicated that the Court had elected not to treat the motion as a request for dismissal. The Court simply had yet to rule on that issue.

A district court has broad discretion in determining whether to permit a voluntary dismissal under Rule 41(a)(2), Fisher v. Puerto Rico Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991), which provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In making this determination, the district court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." Fisher, 940 F.2d at 1503.

The equities dictate that this matter be resolved here. Fisher has spent significant time and money litigating the case in this Court. Plaintiffs offer no explanation for seeking dismissal at this stage other than the obvious: to avoid an adverse ruling on Fisher's Motion to Dismiss/for Summary Judgment and to forum shop. Indeed, it is now undisputed that Plaintiffs have

attempted to dismiss Fisher voluntarily and have filed a new lawsuit in state court, attempting to restart this litigation process. This Court is also the most logical forum for resolving these claims. This Court presided over the entire KL Group fraud case, which included both an SEC enforcement action and a receivership action. This Court has also heard all but one of Plaintiffs' cases against BAS. The Court rejects the voluntary dismissal of Fisher and will proceed to adjudicate the motions pertaining to Fisher.

**B.    Motion to Enjoin State Action**

Fisher also moves for an order requiring Plaintiffs to dismiss their recently filed state court lawsuit or for an injunction enjoining Plaintiffs from litigating that action until this Court resolves this action as it relates to Fisher. The Court is concerned that Plaintiffs have filed the state court action as a means of thwarting removal jurisdiction. In Myers v. Hertz Penske Truck Leasing, Inc., 572 F.Supp. 500 (N.D. Ga. 1983), plaintiff filed an action in state court that was removed to federal court. Plaintiff then filed a second identical lawsuit in state court against the initial defendant but also added two new defendants to defeat a second removal. Plaintiff then sought to dismiss the federal court action without prejudice. The district court enjoined the state court action, reasoning that

> where, as here, the second case is nothing more than a restatement of a properly removed case, but includes the new defendant solely for the purpose of defeating removal the federal court is required...to issue an injunction.

Id. at 503. Likewise, in Brown v. Seaboard Coast Line Railroad Co., 309 F.Supp. 48 (N.D. Ga. 1969), the district court enjoined the plaintiff from litigating a second state court lawsuit. Plaintiff initially filed a lawsuit in state court that was removed to federal court. Plaintiff filed a

second state court lawsuit post-removal. The second state court lawsuit included the same claims as the federal action. The court reasoned that allowing the second state court lawsuit to proceed would defeat the purpose of the removal statute:

> It is clear that the causes of action are the same; in each suit, the wrongful death of the deceased husband is the basis for the claim. Therefore, the Court has determined that the filing of a subsequent suit by the plaintiff is an attempt to evade federal jurisdiction and to frustrate totally "the whole purpose of the removal statute, under 28 U.S.C. § 1446(e)."

Id. at 49.

Here, the actions against Fisher are identical. Plaintiffs filed a second state court lawsuit without BAS as a defendant, thereby preventing removal. This course of action evades and subverts this Court's jurisdiction and frustrates the entire purpose of the removal statute. Plaintiffs filed the second state court lawsuit to forum shop only after Fisher had already filed his Motion to Dismiss/Motion for Summary Judgment. The motion to enjoin the state court action styled SFM Holdings and Salomom Melgen v. Jerome Fisher, Case No. 502009CA016701XXXXMB is granted.

Plaintiffs claim that the Court can take no further action in this matter due to its July 7, 2009 dismissal of BAS, which Plaintiffs claim destroys diversity jurisdiction. The dismissal of BAS is a naked attempt to forum shop and defeat the purpose of the removal statute. BAS has not answered or moved for summary judgment, but the Court nevertheless refuses to allow Plaintiffs to dismiss BAS when their obvious purposes for doing so are to forum shop and to defeat removal jurisdiction.

This Order makes no ruling on the remaining motions pending before this Court. This

9

ruling merely states that the Court rejects Plaintiffs' voluntary dismissal of Fisher without prejudice, that the Court will treat Fisher's Motion to Dismiss as a Motion for Summary Judgment,[3] and that the Court hereby enjoins Plaintiffs from further pursuing the action styled <u>SFM Holdings and Salomom Melgen v. Jerome Fisher</u>, Case No. 502009CA016701XXXXMB in state court until this Court resolves all remaining pending motions in this action that pertain to Fisher.  If necessary, and upon further examination of the record, the Court will issue further procedural instructions regarding the treatment of Fisher's Motion to Dismiss as a Motion for Summary Judgment.  It is hereby

ORDERED AND ADJUDGED that Fisher's Motion to Reject Plaintiffs' Voluntary Dismissal Without Prejudice, filed May 26, 2009 **[DE 78]**, is GRANTED.  It is further

ORDERED AND ADJUDGED that Fisher's Motion to Enjoin Plaintiffs from Litigating the State Court Action, filed June 30, 2009 **[DE 92]**, is GRANTED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 6th day of August, 2009.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT COURT

---

[3] The Court will only reach the Motion for Summary Judgment once it resolves the fraudulent joinder question.  The Court was prepared to address the motions in that order but issued this Order due to the threat of a motion for default in the state action.